■ WILLIAM GINGERESKY, Plaintiff, v. GIFFORD-WOOD COMPANY et al., Defendants. GIFFORD-WOOD COMPANY, Defendant and Third-Party Plaintiff-Appellant, v. NORTON COMPANY, Third-Party Defendant-Respondent.—

Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.

■ In the Matter of the Claim of GEORGE LAWRENCE, Appellant, v. U. S. SEABOARD TERMINAL AND REFRIGERATION COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—

Doctor Kaufman, who saw claimant on a single occasion, subsequently testified that claimant had a slipped intervertebral disc at the 5 L S I level which totally disabled him at that time and which was causally related to the original accident. Doctor Rabinowitz, the consultant of the carrier who had examined claimant on four occasions, testified on September 10, 1957 that he had found radiographically, but not clinically, evidence of disc pathology which pre-existed the accident. The board found " The weight of the probative medical evidence indicates there is no further causally related disability." The conflicting medical evidence on the subject of causally related disability presented a question of fact which was within the power of the board to determine and there is substantial evidence to sustain its conclusion. (*Matter of Palermo* v. *Gallucci & Son*, 6 A D 2d 911, affd. 5 N Y 2d 529.) The determination of the board " that a rehearing for the purpose of producing Dr. Seaman is not warranted " may not be regarded as arbitrary. Decision affirmed, without costs. Gibson, J. P., Herlihy, Reynolds and Taylor, JJ., concur.